SCHOLLMIER V. SCHOENDELEN *et al.*

1. **Gift**: VALIDITY : ASSIGNMENT OF BANK DEPOSIT TO BE PAID AFTER DEATH : INTENTION: QUESTION FOR JURY. Plaintiff's intestate had a deposit in a bank evidenced by entries in her bank-book. At the end of the account she procured the cashier to write as follows: "Pay to S. and H. all of the within deposit after my decease," and signed her name thereto. After this she neither deposited any more money, nor drew upon the deposits already made. Subsequent to the assignment, and before her death, the bank-book was in the possession of S. and H., and after her death they drew the money. *Held*—

   (1) That the writing was in terms a full assignment of the amount shown by the book to be due at the time it was made, and not of the amount which should be due at the death of the assignor, and that, if it was treated by the assignor as a completed transaction, it passed a present interest in the bank account, and was not vulnerable to the objection that it was of a testamentary character, and therefore void, because not executed in the manner provided by law for such instruments.

   (2) That since there was evidence tending to show that the assignor delivered the book to the assignees for the purpose of perfecting the assignment,—as by a rule of the bank the deposit would be paid only upon the production of the book, —it was error for the court to hold, as matter of law, that there was no completed assignment; but that question should have been submitted to the jury.

2. ———— : ———— : ————: EVIDENCE. In such case *held* that there should be some evidence in addition to the writing to show that it was regarded by its maker as a completed transaction, and that, according to her intent, nothing but the lapse of time was required to give to the assignees the right to the possession of the money.

3. ———— : ———— : ————: REVOCABILITY. The assignment in such case having been of the whole deposit, and the bank having had notice thereof, and having a rule that deposits evidenced by a bank-book could be drawn out only upon the production of the book, *held* that if the book was delivered by the assignor to the assignees for the purpose of perfecting the assignment, it became irrevocable, and bound the bank to hold the deposit for payment to the assignees upon the death of the assignor. (See opinion for authorities.)

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

FILED, OCTOBER 11, 1889.

ACTION to recover an amount of money deposited in the German Savings Bank of Davenport by plaintiff's intestate, and withdrawn after her death by defendants, and alleged to have been by them wrongfully converted to their own use. A verdict was returned for plaintiff by direction of the court,. and judgment rendered thereon for $2,006.58 and costs. ' Defendants appeal.

*Heinz & Hirschl*, for appellants.

*Cook & Dodge*, for appellee.

ROBINSON, J.—Katharine Schollmier died intestate on the twenty-fifth day of December, 1886. For about fifteen years before her death she had made her home with the defendants, her daughters, living a part of that time with one of them, and the remainder with the other. In her lifetime she kept an account with the German Savings Bank, and on the twenty-eighth day of May, 1886, it had to her credit a balance of $1,730.18. On that day decedent visited the bank with her bank-book, which contained a statement of her account with it, and had the assistant cashier write on the page next after the end of the account the following: "May 28, '86. Pay to order of Elizabeth Schoendelen and Dorothea Hasenmiller all of the within deposit after my decease." This was signed by decedent. Two days after her death defendants drew from the bank the balance aforesaid, together with $65.40 accrued interest, making a total so drawn of $1,795.58. Plaintiff seeks to recover that amount, with interest, as belonging to the estate of decedent. Defendants claim that decedent made her home with them, as aforesaid, under a verbal agreement, by virtue of which they were to furnish her with the necessaries of life so long as she should live, in consideration of which they were to have all the property which she should own at the time of her death, and that the amount received by them was so received pursuant to said agreement. They further claim that for

many years prior to decedent's death they supported her, and in so doing expended large sums of money at her instance and request, and that the money in question was assigned to them on the twenty-eighth day of May, 1886, in consideration of said support and expenditures. They also claim that decedent, on the date last named, assigned said money to them in apprehension of her death.

I. The defendants, to maintain their defense, rely chiefly upon the assignment written in the bank-book.

1. Gift: validity: assignment of bank deposit to be paid after death: intention: question for jury. They contend that it created and transferred to them an interest when it was executed, and that the postponing of the right to the full enjoyment of such interest until the death of the assignor did not have the effect to defeat it. Plaintiff insists that the assignment was of a testamentary character, and that, not having been executed in the manner provided by law for such instruments, is invalid, and that view seems to have been held by the court below. In our opinion, the proper effect to be given the assignment must depend upon the intent of the decedent with respect to it. In terms, it is a full assignment of the amount shown by the book to be due at the time it was made, not of the amount which should be due at the death of the assignor. No right to revoke or rescind it is shown to be reserved, and, if it was treated by the assignor as a completed transaction, we think it passed a present interest in the bank-account, and is not vulnerable to the objection made by plaintiff. The power to create such an interest was recognized in *Burlington University v. Barrett*, 22 Iowa, 72. See, also, *Craven v. Winter*, 38 Iowa, 472. In *Leaver v. Gauss*, 62 Iowa, 314, it was held that an instrument somewhat in the form of a deed was of a testamentary character, for the reason that it expressly provided that the grantees should have no interest under it so long as the grantors, or either of them, should live; but there is no such provision in this case. The bankbook in which the assignment was written contains the following rule: "No money deposited in this bank can

be drawn out in whole or in part unless the depositor produces his book, or his certificate, if there was one. In case a book or certificate is lost or stolen, the owner should at once give the bank written notice. If notice is not given, and the bank pays the deposit in whole or in part on the presentation of the book or certificate, then the bank is not responsible, and cannot be compelled to pay the second time, though it be ascertained that the party to whom payment was made was not entitled thereto." It is not claimed that a certificate had been issued to decedent. No money was deposited or drawn out by her after the making of the assignment. The bank-book was in the possession of one of the defendants after that date, and before the death of decedent. These circumstances tend to show that the book was delivered to defendants to perfect the assignment and to enable them to obtain the money in controversy, and, if that was done by the assignor, we think defendants acquired an interest in the money during her lifetime; and for the purposes of this appeal it is not necessary to determine whether the interest so acquired was by gift *inter vivos*, or a gift *causa mortis*, or by the execution of the agreement for support claimed by defendants. We are of the opinion that there was sufficient evidence of a completed assignment to require the cause to be submitted to the jury.

II. It is claimed by appellant that the making of the assignment was of itself sufficient to create a vested interest in defendants, and cases are cited in support of that claim. See *Ellis v. Secor*, 31 Mich. 185 ; *Gerrish v. New Bedford Institution*, 128 Mass. 159 ; *Davis v. Ney*, 125 Mass. 590 ; *Martin v. Funk*, 75 N. Y. 134 ; *Ray v. Simmons*, 11 R. I. 266 ; *Blasdel v. Locke*, 52 N. H. 238 ; *Harris v. Hopkins*, 43 Mich. 272. We think there should be some evidence in addition to the writing to show that it was regarded by its maker as a completed transaction, and that according to her intent nothing but the lapse of time was required to give to defendants the right to the possession of the money. As already stated, a delivery

2. —:—:—.
evidence.

of the bank-book containing the assignment, in view of the rule of the bank quoted and other facts shown of the record, would be evidence that decedent regarded the transaction as completed on her part.

III. It is contended on the part of appellee that the assignment was so drawn as to be revocable, and

3. —:—:—: revocability. the case of *Basket v. Hassell*, 107 U. S. 602; 2 Sup. Ct. Rep. 415, is cited as sustaining that position. In that case a certificate of deposit was endorsed by its owner during his last sickness as follows:

"Pay to Martin Basket, of Henderson, Kentucky, no one else; then not till my death. My life seems to be uncertain. I may live through this spell. Then I will attend to it myself.

"H. M. CHANEY."

After making this endorsement, Chaney delivered the certificate to Basket, and died. The court speaks of the transaction as being, "in substance, not an assignment of the fund on deposit, but a check upon the bank against a deposit, which, as is shown by all the authorities, and upon the nature of the case, cannot be valid as a *donatio mortis causa*, even where it is payable *in præsenti*, unless paid or accepted while the donor is alive." But there is a marked difference between the effect of the endorsement in that case and the assignment in this. While in that case the endorsed certificate was delivered, yet the language of the endorsement showed clearly that it was not to take effect in case the endorser recovered. As stated by the court, the donor attached to his endorsement and delivery a condition precedent, which must happen before it became a gift. In this case the conditions related to the time when the interest transferred might be enjoyed, and not to its transfer. The decision in that case rested in part upon the doctrine that a check against a deposit is not in effect an assignment of it, and does not withdraw it from the control of the depositor. See, also, *Curry v. Powers*, 70 N. Y. 212. But it is the settled law of this state that a check or order drawn against funds may operate as an equitable

Schollmier v. Schoendelen.

assignment of them to the amount of the order, and that notice of the check or order given to the holder of the funds would be sufficient to hold them, even without an acceptance. *Manning v. Mathews*, 70 Iowa, 504; *County of Des Moines v. Hinkley*, 62 Iowa, 638; *Roberts v. Corbin*, 26 Iowa, 316. In *First Nat. Bank of Canton v. Railway Co.*, 52 Iowa, 378, this question was considered, and the authorities to some extent reviewed, and the following, among other, conclusions announced: "That an order upon the whole of a particular fund, though not accepted, will operate as an equitable assignment of the fund, and bind it in the hands of the drawee after notice ; but that such order does not possess the property of negotiability." In this case the entire fund on deposit was assigned, and the bank had due notice of that fact. By the terms of the deposit it could be drawn out only when the book should be produced. The evidence tends to show that the book was delivered to defendants by decedent in her lifetime. If this was done, or the assignment was in any other manner given effect, the ownership of the money evidenced by the book was vested in defendants, subject to the happening of a future event before the right to withdraw the money from the bank should be perfected.

IV. In view of what we have already said it is unnecessary to refer specially to various questions in regard to the introduction of evidence discussed by counsel. If the bank-book was delivered to defendants by decedent after the assignment was made, for the purpose of carrying it into effect, nothing further need be shown in the present condition of the pleadings to enable defendants to succeed ; but should they be unable to show such delivery, it may be material to inquire into such facts as will tend to show the intent of decedent in regard to the assignment. The judgment of the district court is REVERSED.