---

(115 App. Div. 751)

### In re KING.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

1. GIFTS—CONSTRUCTION—STOCK—RETENTION OF DIVIDENDS.

    A written instrument made and executed by a decedent read: "To whom it may concern and especially to J. * * * I hereby declare and state that I hold" certain stock "in trust for my daughter C. to be delivered to her at my death. I however retain the right during my lifetime of drawing the dividends thereon. The certificates for such stock are annexed to this paper and direct you to hand said certificate to her at my death." The instrument on the death of the donor was found in the possession of J., C's husband. *Held* sufficient to irrevocably pass title to the stock.

    [Ed. Note.—For cases in point, see vol. 24, Cent. Dig. Gifts, §§ 3, 61.]

2. APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE—FACTS CLEARLY ESTABLISHED.

    Where a written instrument executed by a decedent was sufficient to irrevocably pass title to certain stock, it was immaterial that, in a proceeding to surcharge the executor's account with such property, competent testimony rejected, or testimony received which was incompetent under Code Civ. Proc. § 829, prohibiting one from testifying in his own behalf as to transactions with a decedent.

    [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4161, 4163, 4194–4196.]

Appeal from Surrogate Court, Monroe County.

In the matter of the settlement of the accounts of John C. King, as executor of Patrick Eagan, deceased. From a decree overruling the objections of Sarah Eagan and another to the account, they appeal. Affirmed.

The proceeding was commenced by the presentation by the executor to the surrogate of Monroe county of a petition bearing date November 20, 1905, praying that his accounts as such might be judicially settled. Thereupon a citation was duly issued to all persons interested, returnable in the Surrogate's Court on the 29th day of November, 1905, requiring them to attend upon the judicial settlement asked for. On the return day the executor filed his account, which was duly verified. The appellants duly filed objections thereto,

100 N.Y.S.—69

which, so far as important to know upon this appeal, consisted in the allegation that there belonged to the estate of Patrick Eagan, deceased, and came into the possession of the executor, John C. King, 50 shares of the preferred stock of the National Lead Company, of the value, with the accrued dividends thereon, of about $6,000; that such stock was wrongfully omitted from the account filed by the executor. The executor claimed that the stock did not belong to the estate, but was the property of his wife, Catherine J. King, and therefore was properly omitted from his account. This was practically the only question of fact tried before the Surrogate's Court. The court decided that such stock was the property of Catherine J. King because given to her by Patrick Eagan, deceased, in his lifetime, and was not the property of Patrick Eagan at the time of his death, and therefore was properly omitted by the executor from his account. The correctness of that decision presents the only question raised by this appeal.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

H. W. Rippey, for appellants.
John M. Murphy, for respondent.

McLENNAN, P. J. Patrick Eagan died in the city of Rochester, N. Y., on the 1st day of June, 1903, leaving him surviving his widow, Mary Eagan (one of the appellants), his two daughters, Sarah Eagan (the other appellant) and Catherine J. King (the wife of the respondent), and a son, Stephen Eagan, who were his only heirs and next of kin. The deceased left a last will and testament bearing date December 21, 1898, by which he devised practically all of his property, amounting in value to about $40,000, in trust, the income thereof to be used for the benefit of his widow, Mary Eagan, during her lifetime, and at her death to be divided into three equal parts, one of said parts to go to each of his said daughters, Sarah Eagan and Catherine J. King, and the remaining part to the children of his son, Stephen Eagan, with a life use of said part or third to his son Stephen. By the will John C. King, the son-in-law (the respondent), Catherine J. King, daughter of the testator and wife of the respondent John C. King, and the widow, Mary Eagan, were named as executors. The daughter and widow renounced. The will was admitted to probate on the 11th day of June, 1903, and the respondent John C. King was appointed and has since acted as sole executor. The suggestion is made in the argument of appellants' counsel that the conduct of the executor in respect to the investment of the funds of the estate was improper, and that by other acts he did not conserve the best interests of the estate, but no such issue is presented by this appeal.

It appears, without contradiction, that on the 26th day of March, 1898, the deceased made and executed an instrument in writing, of which the following is a copy:

"To Whom It may Concern and Especially to John C. King of Rochester, N. Y.:

"Take notice that I hereby declare and state that I hold the stock consisting of fifty shares of the National Lead Co. stock, preferred, in trust for my daughter, Catherine J. King, to be delivered to her at my death.

"I however retaining the right during my lifetime of drawing the dividends thereon. The certificates for said stock are annexed to this paper and direct you to hand said certificates to her at my death."

This paper was discovered to be in the possession of John C. King at the time of the testator's death. We think, under the circumstances, the instrument in question transferred irrevocably the stock in question to Catherine J. King, the wife of the respondent, and that it was not a part of the estate of Patrick Eagan, of which the respondent is executor. There is no question presented by the evidence in this case as to the competency of the donor, or of undue influence, and we do not think the evidence offered by the appellants impeaches in any manner the genuineness of the trust deed by which Catherine J. King became the owner of the stock in question.

We think it is unnecessary to discuss or consider any of the other questions raised by the appellants upon this appeal. The deed of trust was unambiguous and was specific, giving to Catherine J. King the stock in question, reserving the income or dividends declared thereon to the donor during his lifetime. Under those circumstances we think it is of no consequence whether the executor testified to a transaction within the prohibition of section 829 of the Code of Civil Procedure, because, wholly independent of such evidence, the gift expressed in the deed of trust was valid and became operative upon the death of the donor, and so it is of no consequence that incompetent evidence was admitted, or that competent evidence was rejected, tending to show the attitude of the respective parties in the premises. The deed of trust above quoted, which was made voluntarily by the testator while in the possession of his mental faculties and without undue influence, should determine the rights of the parties to this controversy.

I conclude that under the deed of trust above quoted Catherine J. King, the wife of the executor-respondent, became the absolute owner of the shares of stock in question, and that the executor was under no obligation to account for the same in his judicial accounting; that the decree of the Surrogate's Court is correct and should be affirmed, with one bill of costs to be paid by the appellants personally.

Decree affirmed, with costs. All concur; SPRING, J., in separate memorandum.

SPRING, J. (concurring). The essence of a gift, even though it be in the form of a trust created by the donor, is delivery (Martin v. Funk et al., 75 N. Y. 134–137, 31 Am. Rep. 446; Brown v. Spohr, 180 N. Y. 201–209, 73 N. E. 14); and that was fulfilled in the present instance. Eagan, the testator, executed an assignment of the stock certificates in blank. He attached to them a memorandum signed and witnessed by him denoting the ownership of Mrs. King and his trusteeship. He delivered the certificates and memorandum to Mrs. King, the donee. There was, therefore, an unqualified delivery to her. His retention of the dividends gave him no right to recall the transfer. The transaction is no different than if he had executed and delivered a conveyance of real estate, retaining its use or income during his life. The title would have passed absolutely to the grantee or donee. Mrs. King handed the papers to her husband for safe-keeping, and he retained them until after the death of the donor, and then returned them to his wife. He is the sole acting executor, and on the judicial settlement

the attempt was made to surcharge his account with the amount of this stock. If the stock had been in his possession as executor and he had transferred it to his wife, he might have been disqualified from testifying to the transaction by section 829 of the Code, but he never had possession of the stock as executor. His possession came from his wife and not the testator, and he is competent to testify. The criticisms made in the cases upon a husband testifying to establish title in the wife do not apply here, for the papers themselves indicate Eagan's intention.