## IRVINE INNES v. HELEN MARCIA POTTER.[1]

### July 9, 1915.

### Nos. 19,357—(230).

**Gift.**

    1. Defendant's father, now deceased, delivered to one Casey an envelope, containing a certificate of corporation stock with an assignment to defendant indorsed thereon, with directions in writing to Casey to deliver the certificate to defendant "only in case of" his death. After his death Casey delivered the certificate to defendant.

**Gift of real estate — passing of title.**

    2. Where a grantor executes a deed of real estate and deposits it with a

[1] Reported in 153 N. W. 604.

---

Note.—The authorities passing upon delivery of deed to third person, with directions to hold until grantor's death, as a delivery to the grantee, are reviewed in the notes in 54 L.R.A. 869; 9 L.R.A.(N.S.) 224; and 38 L.R.A.(N.S.) 942.

third person to be delivered by him to the grantee after death of the grantor, and reserves to himself no right to control or recall the instrument, the transaction is a valid one and full and complete title is vested in the grantee after death of the grantor.

### Gift of personalty.

3. Similar rules apply to personal property, and the owner of personal property may make a valid gift thereof, with the right of enjoyment in the donee postponed until the death of the donor, if the subject of the gift be delivered to a third person, with instructions to deliver it to the donee upon the donor's death, and if the donor parts with all control over it, reserves no right to recall, and intends a final disposition of the property given.

### Distinction between gift and will.

4. The gift in this case is within the rule. The test of a gift, as distinguished from a will, is that, in case of a gift some interest vests at once in right. The gift in this case was not testamentary in character and it was valid.

### Direction to custodian not decisive.

5. The direction to the trustee to deliver to the donee "only in case of" the death of the donor is not decisive of testamentary character. Nor is the statement of the donor that he wants to "leave" certain property to the donee.

Action in the district court for Aitkin county by the administrator with the will annexed of the estate of Warren Potter, deceased, to recover possession of certain personal property or $100,000 the value thereof. The case was tried before Wright, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Fryberger, Fulton & Spear,* for appellant.
*Thwing & Rossman,* for respondent.

HALLAM, J.

1. Warren Potter was the owner of 1370 shares of stock, of the par value of $100 a share, in the Potter-Casey Co. a business corporation of Aitkin county. In 1910 he was a man advanced in years. He had made a will some years before. In the meantime

1 Reported in 153 N W. 604.
130 M.—21.

his business associate, Mr. Casey, had died and his estate had been probated. There was "considerable noise" about the amount of his property, and a substantial inheritance tax had been paid. On December 27, 1910, after some talk with J. A. Casey, son of his former associate, in which deceased stated that he wanted to leave a certain amount of property to his daughter, he took a certificate of 1,000 shares of stock of the Potter-Casey Co., indorsed upon it an absolute assignment to the defendant, and wrote a letter addressed to her in which he stated that he had transferred this stock to her, and making certain requests. The certificate, with the indorsement upon it, and this letter he inclosed in an envelope, securely sealed it, and indorsed thereon the following:

"The certificate No. 1 for 1,000 m shares to be sent by registered letter to H. Marcia Potter if not present or handed to her, taking her receipt for the same. * * *

"These certificates to be held by J. A. Casey and delivered to the above parties only in case of the death of

"12-27-10          W. POTTER"

This he then delivered to J. A. Casey, and Casey held it until Mr. Potter's death. Deceased never mentioned the matter to Casey again, and never exercised nor attempted to exercise any control over the stock. Warren Potter died in February, 1914. After his death, J. A. Casey delivered the envelope and its contents to the defendant. She opened the envelope and took therefrom the letter and the certificate. Potter's will was admitted to probate, and plaintiff was appointed administrator with the will annexed. He commenced this action to recover possession of the certificate of stock or its value. The trial court found that defendant owned the stock; that deceased intended to and did relinquish all control over the stock and all rights in it; that he intended to and did give the stock to defendant, and intended that the gift take effect at once on the delivery to Casey, but that the right of defendant to the beneficial enjoyment thereof was postponed until the death of deceased.

2. The first question is this: Is it competent for a person to make a gift of personal property by delivery of the subject of the gift to

a trustee where delivery by the trustee to the donee and beneficial enjoyment by the donee are postponed until the death of the donor?

As to deeds of real estate the law in this state is well settled. Where a grantor executes a deed and deposits it with a third person, to be delivered by him to the grantee after the death of the grantor, and reserves to himself no right to control or recall the instrument, the transaction is a valid one and full and complete title is vested in the grantee after death of the grantor. Haeg v. Haeg, 53 Minn. 33, 55 N. W. 1114; Wicklund v. Lindquist, 102 Minn. 321, 113 N. W. 631; Dickson v. Miller, 124 Minn. 346, 145 N. W. 112. This is true, even though the enjoyment of the estate granted is postponed until the death of the grantor, and even though the deed thereof expressly reserves a life estate in the grantor (Ekblaw v. Nelson, 124 Minn. 335, 144 N. W. 1094), and even though the grant is subject to the contingency that the grantee survive the grantor, or to any contingency, as long as it is one over which the grantor has no control. Thomas v. Williams, 105 Minn. 88, 117 N. W. 155.

3. Anciently there was no such thing recognized in law as an expectant estate in personal property. This was because of the perishable nature of such property, its movable characteristics, and its insignificance. An exception was early made in favor of chattels real. Manning's Case, 8 Co. (Eng.) 94b; Lampet's Case, 10 Co. (Eng.) 46b; but in that case only as to interests created by will, and when merely the *use* of the chattel was given to the first legatee. 2 Bl. Com. 398. The exception was later extended from chattels real to chattels personal under like restrictions. 2 Bl. Com. 398; 1 Eq. Cas. Abr. (Eng.) 360. These limitations one by one dropped away. In chancery before the close of the seventeenth century it was settled that a bequest of an expectant estate in goods to another was good, whether the goods or the use of the goods were given to the first legatee. Hyde v. Parrat, 1 P. Wms. (Eng.) 1. And in recent times it has not been necessary in England that limitations of this sort be made by will. They are equally good when made by deed of trust. Child v. Baylie, Cro. Jac. (Eng.) 459; 2 Bl. Com. 398.

Perishable chattels are said to constitute an exception to the

rule, particularly chattels the use of which consists in their consumption. But the reason given is one of construction, the theory being that the gift of such articles for life must have been intended as an absolute gift, since one could not use without consuming the property. Andrew v. Andrew, 1 Col. C. C. 686; Randall v. Russell, 3 Meriv. 190; Evans v. Iglehart, 6 Gill & J. (Md.) 171; Henderson v. Vaulx, 10 Yerg. (Tenn.) 30; German v. German, 27 Pa. St. 116, 67 Am. Dec. 451.

The doctrine that personal property may be limited by way of remainder after a life interest created at the same time was early recognized in the United States. 2 Kent, Com. (13 ed.)* 352, 353, and notes; Executors of Moffat v. Strong, 10 Johns. (N. Y.) 12; Langworthy v. Chadwick, 13 Conn. 42. The disposition of the later cases has been to dispense with all fictitious distinctions between transfers of real and personal property, and to apply the same rules to both, except where distinctions are founded upon some substantial principle of law or are required by some statutory enactment. In this state expectant interests in personal property are recognized. State v. Probate Court of Washington County, 102 Minn. 268, 291, 113 N. W. 888. Since it is competent for a person to create an expectant interest in personal property, we see no ground for saying that he may not do so either by will, by sale or by gift. Nor do we see any reason why the rules as to delivery to a third person, with direction to deliver to the donee on the death of the donor, should not apply to personal as well as to real property. Delivery is of course necessary to give effect to a gift, but so it is to give effect to a deed. If valid delivery may be made to a trustee in case of a gift of a deed of real property, why not in case of a gift of personal property? Not only do we think there should be no distinction between the two classes of property in this respect, but we are equally convinced that it is the settled law in most of the states of the Union that no such distinction does exist. Grant Trust & Savings Co. v. Tucker, 49 Ind. App. 345, 96 N. E. 487; Tucker v. Tucker, 138 Iowa, 344, 116 N. W. 119; Meriwether v. Morrison, 78 Ky. 572; Green v. Tulane, 52 N. J. Eq. 169, 28 Atl. 9; In re King, 115 App. Div. [N. Y.] 751, 100 N. Y. Supp. 1089; see also Smith v. Wold, 125

Minn. 190, 145 N. W. 1067. The decision in Longenfiel v. Richter, 60 Minn. 49, 61 N. W. 826, as we understand it, does not hold to the contrary.

We accordingly hold that the owner of personal property may make a valid gift thereof with the right of enjoyment in the donee postponed until the death of the donor, if the subject of the gift be delivered to a third person with instruction to deliver it to the donee upon the donor's death, and if the donor parts with all control over it, reserves no right to recall, and intends thereby a final disposition of the property given.

4. The next question is, did this transaction constitute such a gift? Plaintiff's contention is that the transaction was not a gift at all, but that it is testamentary in character and void. The gift, if sustainable at all, must be sustained as a gift *inter vivos*. It was in no sense a gift *causa mortis*. Effect should be given to the transaction if possible. Thomas v. Williams, 105 Minn. 88, 117 N. W. 155. If, as plaintiff claims, the documents were testamentary in character the transaction was void, for the formalities required for the execution of a will were not followed. It is only by construing the transaction as an executed gift that effect can be given to it at all. It is not always easy to determine whether or not an instrument is testamentary in character. It depends upon the intention of the maker. The fact that the instrument postpones the enjoyment of the subject matter until after the death of the grantor, is not decisive that the instrument is testamentary in character. The test is whether the maker intended the instrument to have no effect until after the maker's death, or whether he intended it to transfer some present interest. If some interest vests at once in right, though the enjoyment of it be postponed, the instrument is not a will, and it is irrevocable. Thomas v. Williams, 105 Minn. 88, 117 N. W. 155. We think the evidence sustains the finding of the trial court that the transaction constituted an absolute and irrevocable gift from deceased to defendant.

5. Plaintiff contends that the direction to deliver "only in case of the death" of the donor signifies a condition attached to the delivery and an intent that the gift shall become operative only in

the event that the donee survived the donor. There is some authority sustaining plaintiff's contention. Sterling v. Wilkinson, 83 Va. 791, 3 S. E. 533. We do not, however, agree as to this effect of the words "in case of the death." If the donor were at the time suffering with some illness, as in the case of Basket v. Hassell, 107 U. S. 602, 2 Sup. Ct. 415, 27 L. ed. 500, such language might well be construed to imply a condition that the gift should be operative only in the event of death from such illness, and the survival of the donee. But Warren Potter was not ill, nor was there anything that suggested impending death. Under the circumstances, we think the language "in case of the death," which was certain sooner or later to occur, meant nothing more or less than that delivery should be made upon the death of the donor. And this is sustained by authority. Small v. Marburg, 77 Md. 11, 19, 25 Atl. 920; Goodell v. Pierce, 2 Hill (N. Y.) 659; Ewing v. Winters, 34 W. Va. 23, 11 S. E. 718.

Plaintiff lays much stress upon the fact that J. A. Casey testified that, if Potter had in his lifetime demanded a return of the envelope and its contents, he would have returned it to him. It is not certain that this expressed anything more than Casey's mistaken view of the law applicable to such a case or his submission to Potter's judgment. But in any event the evidence is not decisive. The intention of Potter, not of Casey, controls.

Nor do we attach great importance to the statement of Casey that Potter said he wanted to "leave" a certain amount of property to his daughter Marcia. The word "leave" is often used in reference to property left by will, but the word is often loosely used and its use should not be given controlling importance.

Plaintiff also urges strongly that deceased was endeavoring by this transaction to evade the payment of the inheritance tax. We are not sure that he did not have such a purpose. But we cannot see that it is important whether he did or not. It seems to be conceded that he did not succeed and that his property is subject to tax whether this be construed as a gift or not. If the construction of this as a gift would result in a fraud upon the state, that circumstance might

be a reason for not adopting that construction, but this is not such a case.

Judgment affirmed.