JOSEPH H. BURBANK, (HENRY J. BURBANK, ADMINISTRATOR) *vs.* JOHN H. STEVENS, ADMINISTRATOR.

First Judicial District, Hartford, January Term, 1926.

WHEELER, C. J., CURTIS, KEELER, MALTBIE and HAINES, Js.

That a fact is "supported by the evidence and is material" is not a proper ground upon which to claim its addition to a finding; it should, under the rules, be alleged to be material and admitted or undisputed.

The two requisites of a valid gift of personal property are a delivery of possession and an intent on the part of the donor that the title shall at once pass to the donee.

It is not necessary that the transfer of possession be by manual delivery, or that it be made to the donee in person.

The question of the donor's intent presents an issue of fact for the determination of the trial court; and its conclusion, if reasonably drawn, is not reviewable upon appeal.

If a donor delivers the subject of the gift to a third person with instructions to deliver it to the donee after the donor's death, the

Burbank *v.* Stevens.

gift is immediately valid and irrevocable, provided the donor parts with all control, reserves no right of recall, and intends to make thereby a final disposition of the property; and in such a case the donee's acknowledgment and acceptance of the gift will be presumed from its beneficial nature.

One week prior to the death of the defendant's intestate, she delivered to P a bank-book and a signed order addressed to the bank in favor of the plaintiff, with instructions, which P later executed, that after her death both the book and the order be turned over to the plaintiff, who for more than twenty years had lived with, and worked for, her. After the book and order' had been handed to the plaintiff, he placed them in a desk in the decedent's home, where they were discovered and seized by the defendant, who, upon his appointment as administrator, refused to return them to the plaintiff. In the present action for conversion, the trial court concluded that there had been a valid gift *inter vivos* to the plaintiff, and that the defendant was liable for the amount of the bank deposit. *Held:*

1. That the trial court's conclusions were reasonably drawn from the subordinate facts.

2. That the defendant's claim, first made in this court, that the plaintiff's evidence of the delivery of the book and order to P constituted a variance from his allegation that they were delivered to him, was not seasonably urged.

Argued January 5th—decided January 28th, 1926.

ACTION to recover damages for conversion, brought to the Superior Court in Middlesex County and tried to the court, *Banks, J.;* judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

The complaint in this action contained three counts, the first alleging performance of services by Burbank and a promise by decedent to pay for the same by will. The second and third are concerned with an alleged gift by the decedent, while alive, to Burbank of a certain bank-book and the sum due thereon, and a conversion of the latter by defendant. It appears from the memorandum of decision that the court found for the defendant upon the first count, and for the plaintiff upon the other counts, although the judgment-file states a judgment for plaintiff generally. The second and third counts allege a conversion by

defendant of the bank-book and the proceeds there-from, and a holding of the same as part of the estate of the deceased. These allegations, with others, were put in issue by the answer, and, as appears by the judg-ment-file, were found in favor of the plaintiff.

The trial court found that the defendant's intestate, Mary E. Stevens, was the owner of a farm at Durham, Connecticut, for more than twenty years next preced-ing her death, which occurred April 19th, 1923, on which farm, for at least twenty years prior to her death, Joseph H. Burbank had worked for her. He was the only one to live on the premises with her during the twenty years. She was a woman of more than sixty-five years of age, and he was also advanced in years. At the time of her death, she was not in-debted to him in any amount. A week before her death, she delivered to Catherine Powers her bank-book on the Central National Bank of Middletown, Connecticut, in which she then had a deposit in the savings department of $952.64, and at the same time she also signed an order upon the bank, written upon the regular order blank form of the bank, in favor of the plaintiff for the entire account of $952.64, which she also delivered to Mrs. Powers, with instructions to deliver both the bank-book and order to the plain-tiff upon her death. Mrs. Powers delivered the bank-book and order to Burbank on the day after Miss Stevens died, and he placed the same in a desk in the home of Miss Stevens.

John H. Stevens, brother of Miss Stevens, found the book in the drawer and took it into his possession. At the time he did this, John H. Stevens was not the administrator of the estate of Miss Stevens and was acting in no official capacity in taking custody of the book. Burbank made demand upon Stevens for the return of the book to him, but he refused to return

it. Burbank did not know of the existence of the order until after the death of Miss Stevens, nor was the existence of the order communicated in any way to the bank or to its officials until after her death.

The rules and regulations of the savings department of the Central National Bank in effect at the time of the death of Miss Stevens, provided for the withdrawal of deposits on presentation of the bank-book and an order filled out in accordance with a form outlined in the bank deposit books of the bank. Miss Stevens delivered the bank-book and the order to Mrs. Powers as trustee for the plaintiff, with intent to make an immediate and unconditional gift to him of the amount on deposit, to become effective upon her death. The plaintiff presented his claim against the estate of Mary E. Stevens and the same was disallowed. She died leaving estate other than the bank-book in question.

The court reached the following conclusions: "(1) The delivery of the bank-book and order constituted a valid gift *inter vivos* of the amount on deposit by Miss Stevens to the plaintiff. (2) Plaintiff is entitled to recover the sum of $1,071.72."

The appellant claimed upon the trial that there was no valid gift *inter vivos* of the bank-book, which claim the court overruled, and rendered judgment as on file.

Further facts appear in the opinion.

Defendant moved to correct the finding of the trial court by striking out seven paragraphs of the same, and by adding one paragraph from his draft-finding. From the refusal of the trial court so to correct the finding, defendant appeals, and also from the finding by the trial court that Miss Stevens made a valid gift of the amount evidenced by the bank-book, to

Burbank, and also because of a variance between the complaint and the finding of the court.

*Leonard O. Ryan,* for the appellant (defendant).

*Thomas C. Flood,* for the appellee (plaintiff).

KEELER, J. The errors of the trial court with regard to its refusal to strike out the paragraphs of the finding which are attacked in the first reason of appeal as being found without evidence, are not apparent. The evidence attached to the finding as exhibits shows that the court had competent evidence to support the facts found. The claim for the substitution of a paragraph as above noted is placed on the ground that it "is supported by the evidence, and said correction is material." This is not a ground upon which the correction can be made. There should have been an allegation that the finding of the fact desired to be inserted in the finding was admitted or undisputed. If, however, we overlook the defect in form, the testimony printed shows that the fact claimed was in dispute, and that the conclusion of the court was sustained by the evidence. The claim of a variance above alluded to was not much pressed in argument, and is not a proper ground of error. The allegation of the complaint was that on a certain day of April, 1923, Miss Stevens delivered to Burbank the bank-book and order for payment to him. The fact found by the court is that the book and order were delivered to Mrs. Powers as trustee to deliver the same to Burbank. The defendant did not object to evidence of delivery of the book to Mrs. Powers as such trustee, and in view of the finding of the court of the fact and manner of the delivery, and its evident purpose, and the fact that the case was tried upon the facts as found by the court, we cannot say that after judgment the varia-

tion is material; the defendant must be held to have waived this defect.

The important question in the case, however, is whether the trial court was in error in holding that the transaction detailed in the finding constituted a valid gift *inter vivos* from Miss Stevens to Burbank.

In *Guinan's Appeal*, 70 Conn. 342, 347, 39 Atl. 482, we held the requisites of a valid gift to be "a delivery of the possession of the property to the donee, and an intent that the title thereto shall pass immediately to him." In *Main's Appeal*, 73 Conn. 638, 640, 48 Atl. 965, in an opinion collecting, commenting upon, and distinguishing the authorities, we said: "It is not necessary that there should be a manual delivery of the thing given, nor that it should be made to the donee in person; nor is there any particular form or mode in which the transfer must be made or by which the intention of the donor must be expressed. There may be a valid gift of money on deposit in a savings-bank in the name of the donor, by a delivery of the deposit book to the donee, and without any written order or assignment."

The weight of authority generally is to the same effect. "We accordingly hold that the owner of personal property may make a valid gift thereof with the right of enjoyment in the donee postponed until the death of the donor, if the subject of the gift be delivered to a third person with instruction to deliver it to the donee upon the donor's death, and if the donor parts with all control over it, reserves no right to recall, and intends thereby a final disposition of the property given." *Innes* v. *Potter*, 130 Minn. 320, 325, 153 N. W. 604, 3 A. L. R. 896. The report of the case last referred to contains extensive annotation referring to many supporting authorities. The similarity in principle of such dispositions to escrow deeds

of real property is maintained. By the great weight of authority no acknowledgment or acceptance of such a gift is necessary on the part of the donee, since it is highly beneficial and his acceptance is assumed. *Innes* v. *Potter, supra,* and notes in 3 A. L. R. 903; also *Martin* v. *Funk,* 75 N. Y. 134, 142, 143. The trial court has found the intention of Miss Stevens to make an immediate and unconditional gift to Burbank of the bank deposit, to become effective upon her death, and that the book was delivered to Mrs. Powers, as trustee for Burbank, to carry out that intent. If so, the gift became immediately absolute and irrevocable and beyond the control of the donor, since it is subject to no conditions not consistent with such an intent. "A question of intent is a question of fact, the determination of which is not reviewable unless the conclusion drawn by the trier is one that cannot reasonably be made." *Meriden Trust & Safe Deposit Co.* v. *Miller,* 88 Conn. 157, 162, 90 Atl. 228. The conclusion of the trial judge in the instant case is certainly one reasonably derived from the facts found.

There is no error.

In this opinion the other judges concurred.