**MULLEN v. MULLEN et al.**
No. 6773–A.

District Court, Alaska
First Division, Juneau.
Jan. 12, 1954.

William L. Paul, Jr., Juneau, Alaska, for plaintiff.

R. E. Robertson, H. L. Faulkner, Juneau, Alaska, for defendants.

FOLTA, District Judge.

Plaintiff seeks to recover 100 shares of stock of the defendant bank, 178 shares of stock of the B. M. Behrends Co., and a deed to certain lands in California which he alleges are wrongfully withheld by the defendant Mullen; or damages for conversion thereof and of the dividends and income therefrom, or an accounting. The controversy was held to be equitable in nature, D.C., 14 F.R.D. 142, and dealt with accordingly.

The plaintiff is the son of the defendant Mullen. He contends that the stock and the interest in the land were given him by his mother and that his title thereto is absolute. The defendant Mullen contends that in 1939 the plaintiff's mother created an oral trust in favor of her three children, including the plaintiff, and that he holds the property as trustee.

The record discloses many inconsistencies regarding the alleged trust. It also appears that the defendant Mullen acted under the misconception that his obligations as a fiduciary were to the settlor rather than to the beneficiary. Moreover, there is no documentary evidence of such a trust unless it can be said that the transfer of 300 shares of bank stock from the children to the defendant Mullen, as trustee, in 1951, when such a transfer could have been made under the written trust then in existence, is such evidence.

■ The evidence falls short of the requirement that proof of an oral trust must be full, clear and convincing. Copper River Mining Co. v. McClellan, 2 Alaska 134, affirmed 9 Cir., 138 F. 333, even though the contentions on the part of the settlor and the trustee that such a trust was intended and that the trustee stands ready and willing to execute it according to those terms might, under other circumstances, suffice to satisfy this test. The main difficulty is not one of proof, however, but of legal sufficiency. The essentials of a valid express trust are: (1) an intention to create a trust, (2) an identifiable trust res, (3) a definite purpose and a named or designated beneficiary, and (4) a trustee in whom is vested the legal title, Restatement, Trusts, Secs. 4, 17, 19, 23–4, 26, 29, 31–2, 35–6, 66, 74, 76, 88, 112, 123; 1 Tiffany, Real Property, Secs. 238–257. While equity will not let a trust fail for want of a trustee, it is nevertheless imperative that there be a valid and effective transfer of legal title to the trustee, Restatement, Trusts, Sec. 32; 5 Thompson, Real Property, Secs. 2330–36, 2345–8, 2350–56, 2380; 1 Tiffany, Real Property, Sec. 258; or, where the settlor has only an equitable interest, the transfer of that interest to the trustee, Buhl v. Kavanagh, 6 Cir., 118 F.2d 315; or of some power over the trust property such as a power of sale, 1 Tiffany Real Property, Sec. 278; 5 Thompson, Real Property, Sec. 2380. Here the only powers conferred upon the defendant were those which flowed from the general powers of attorney given him by his wife and children. It is not seriously contended that the defendant held these powers in trust; that the powers were designed to invest him with an interest in the property, or that the powers were conferred upon him for the benefit of the children; and the instruments themselves were insufficient to convey title to the defendant expressly or by necessary implication from which it follows, as a corollary, that the defendant did not become a trustee of an express trust or vested with powers in trust. 5 Thompson, Real Property, Sec. 2380.

In 1939 when, according to the defendant, the trust idea was conceived, title to the bank stock was not in him. In 1951, purporting to act under the general powers of attorney, he transferred title to himself as trustee, but evidence of an intention to create a trust in 1951 is lacking. Indeed, since the written trust was then in existence, it would appear reasonable to conclude that these transfers of the children's stock were made under authority of that instrument.

■ So far as the land is concerned, it not only does not appear that the defendant ever had title thereto, but no effect may be given an oral trust, because under California law, Civil Code, Sec. 852, which covers this aspect of controversy, Restatement, Conflict of Laws, Sec. 241; Note 115 A.L.R. 818, a trust of land must be in writing and a parol trust may not be engrafted upon a deed absolute. Feeney v. Howard, 79 Cal. 525, 21 P. 984, 4 A.L.R. 826; Cf. Stobie v. Stobie, 116 Cal.App.2d 360, 253 P.2d 765. Moreover, it is even doubtful whether the proof of the parol trust in the case at bar is sufficient. Murphy v. Cartwright, 5 Cir., 202 F.2d 71; Note 23 A.L.R. 1500. But the primary reason why the oral trust failed is the lack of title in the intended trustee. California has codified the common law rule that the trustee of an express trust must have title to the trust res, Civil Code, Sec. 863. Because of the relationship between the federal and state courts, this court is required to take judicial notice of the California law, 20 Am.Jur. 62, Sec. 39. In this connection, it should be noted that, since the written trust has expired, no authority may be derived therefrom. Neither is there any basis for a resulting trust in view of the defendant's concession that the plaintiff was to receive the beneficial interest in the real and personal property, Restatement, Trusts, Sec. 411–2; 5 Thompson Real Property, Secs. 2370–1; 1 Tiffany Real Property, Secs. 260–262. Moreover, the doctrine of merger precludes the application of the resulting trust principle, Restatement, Trusts, Sec. 410; 54 Am.Jur.,

Trusts, Sec. 89, because the legal and equitable titles were merged in the plaintiff.

The conclusion that no oral trust was created brings me to a consideration of the exhibits which on their face show outright transfers of stock and absolute conveyance of land to the plaintiff. The latest of these transfers was consummated in 1941. But there is testimony that the defendant's wife never intended to make outright gifts of stock or convey the land to the plaintiff and that there was no delivery of stock certificates or the deed by the defendant to the plaintiff. Plaintiff contends, however, that delivery in each instance was made to the defendant and accepted by him as agent and attorney in fact for the plaintiff and argues that Mrs. Mullen's intent should be determined in the light of her acts rather than her statements post litem motam.

 So far as the land is concerned the evidence shows an absolute deed to a one-fourth interest, executed with all the formalities of law and recorded. The presumption of delivery which arises upon a valid recordation, 4 Tiffany, Real Property, Sec. 1044, and the presumption of acceptance which arises where the conveyance is beneficial to the grantee, 4 Tiffany, Real Property, Sec. 1057, coupled with the fact that the deed was delivered to and remained in the possession of the plaintiff's attorney in fact, warrant the conclusion that legal title to a one-fourth interest in the land vested in the plaintiff, 4 Tiffany, Real Property, Secs. 1034–5, 1039–40, 1060, subject, however, in view of the evidence on that point, to a life estate in the grantor, 4 Tiffany, Real Property, Secs. 1048, 1054.

 Turning to the stock certificates, it is worthy of note that the donor reserved the right to borrow the income therefrom. This, of course, does not defeat the gift, for it is generally held that where there has been an absolute and completed gift of personal property to a third person for the benefit of a donee, to take effect upon the donor's death, the reservation of the right to use the earnings in the meantime does not constitute such a failure to relinquish dominion and control over the subject of the gift as to defeat it. In re Chapple's Estate, 332 Pa. 168, 2 A.2d 719, 121 A. L.R. 422, Annotation 121 A.L.R. 426; Robertson v. Robertson, 147 Ala. 311, 40 So. 104, 3 L.R.A.,N.S., 774; Pyle v. East, 173 Iowa 165, 155 N.W. 283, 3 A.L. R. 885. And the postponement of enjoyment does not prevent the vesting of a present interest even though actual possession is not obtained until after the donor's death, Innes v. Potter, 130 Minn. 320, 153 N.W. 604, 3 A.L.R. 896; Notes 60 A.L.R. 1055; 3 A.L.R. 902, 903. So far as acceptance by the donee is concerned, the law presumes assent and acceptance.

 The facts appear to bring this controversy within the principles discussed above and lead to the conclusions stated. It is my opinion, therefore, that legal title to the land and to the stock of defendant bank, subject to a life interest in the grantor-donor, vested in the plaintiff, and that the defendant Mullen holds the muniments of title in escrow for delivery to plaintiff upon the death of the grantor-donor.