The Ohahcellob.
The bill in this cause is filed by the administrator de bonis non cum testamento annexo of James Van Dyke, deceased, to ascertain and settle the construction of one of the clauses of the testator’s will. The clause in question is as follows: “I order and direct my executor, herein after named, to place out, or if already put out, to keep out on bond and mortgage, in stock or in any other manner, upon sufficient security in his discretion, after paying thereout any sum that may be wanting to satisfy the debts and the legacies herein before mentioned, the balance of the moneys arising from the sale of my house in Plymarlcet street, in the city of New York, now supposed will be somewhere about ten thousand dollars, and to pay one half of the interest moneys arising therefrom to the said Maria Van Dyke Gough during her life; and if the said Maria Van Dyke Gough should die leaving a child or children lawfully begotten, then to pay 'the principal sum of $5000, or the one half of the balance remaining on the said sáíe as aforesaid, to such child or children, share and share alike; and if no child should be living at the decease of the said Maria but grandchildren, then to pay over the said sum to such grandchildren equally; but if the said Maria Van Dyke Gough shall die leaving no child or grandchild lawfully begotten, then I direct my said executor to pay over *205 the said sum to James Van Dyke Vanderpool, of Hackensack, William Vanderpool, son of James Vanderpool, of Newark, and my niece Maria Van Dyke, daughter of John Van Dyke, and their heirs and assigns, share and share alike. And I do order and direct my executor, herein after named, to pay over the interest arising on the remaining half of the said sum of money from the said sale to my sister, Zyerty Salters, during her life, and upon her death to pay over the principal sum remaining, that is the principal sum of $5000, or the remaining one half of the principal sum arising on the said sale, so placed out at interest as aforesaid, after paying the debts and legacies aforesaid to Catharine Parker the elder, her heirs and assigns for ever.”
James V. Vanderpool and William Vanderpool, two of the legatees to ’whom the fund was bequeathed, upon the death of Maria Van Dyke Gough without leaving children or grandchildren, died in the lifetime of the said Maria. Maria Van Dyke Gough died without leaving children or grandchildren, never having had any lawful issue. The shares bequeathed to James V. Vanderpool and William Vanderpool are claimed by their respective representatives. The only question is, whether they took a vested interest under the will.
In terms there is no direct gift to any of the legatees. The intention of the testator must be sought for in the directions to the trustee for the disposition of the fund. In construing the will, therefore, we are deprived of the aid which is often derived from the precise terms of the bequest, importing either an immediate gift, to be enjoyed in future, or making the time of payment the essence of the gift itself. The intention of the testator must be sought for rather in the general character of the gift than in the precise import of the terms employed. Substantially the bequest is of the interest of the fund to Maria Van Dyke Gough for her life,upon her death to her children or grandchildren, and if she leave no lawful issue, over to James and William Vanderpool and Maria Van Dyke absolutely.
The terms employed in the directions to the trustee may *206 import the gift either of an immediate or a future interest. As applied to the gift of the interest to the tenant for life, it imports a vested interest. Nor from the use of the terms employed, especially in the gift over of the share of the fund given to his sister, Zyerty Salters, is there any room for doubt that the testator designed to give to Catharine Parker, the legatee over of that part of the fund, a vested interest. The terms employed indicate a purpose to dispose of the entire property in the fund. There is, moreover, a marked contrast in the terms of the gift over, and of that to the children and grandchildren of Maria Van Dyke Gough, indicating, in the one case, a clear intent that the -legatee should take only in the event of their surviving Maria Van Dyke Gough, and in the other, an absolute and unconditional gift of the entire interest in the fund. The fund itself is separated from the corpus of the estate, and there could have been no intention on the part of the testator either to leave it undisposed of, or that it should constitute any portion of the residue.
The fact, that in the disposition of that portion of the fund now in controversy there is an immediate gift of the fund upon a contingency between the life estate to Maria Van Dyke Gough and the final disposition of the fund, does not affect the interest of the last taker or prevent the vesting of the legacy. If such be the apparent intent of the testator, the- gift in such cases vests, subject to be divested upon the happening of the contingency. The fact that the enjoyment is uncertain never interferes with the vesting of an estate. Where the contingency is not in the person, but in the event or in the time of the enjoyment, the interest is vested.
It is the present capacity of taking effect in possession, if the'possession should ever become vacant, not the certainty that it ever will become vacant while the remainder continues, which distinguishes a vested from a contingent remainder. In the former, the enjoyment only is uncertain, in the, *207 latter, the right to that enjoyment. Williamson v. Field, 2 Sandf. Ch. R. 553.
A legacy given at or after any future specified period or event is not vested,-and the legatee’s right to it depends upon his being alive at the time fixed for its enjoyment. 2 Williams on Executors 1052, 1057.
In the bequest under consideration there is, as has been said, no gift of the legacy distinct from the direction to the trustee for its payment. The direction for payment constitutes the gift.
There is nothing to annex the time for payment, in the terms of the gift, to the substance of the legacy, and make the legatee’s right to it depend upon his being alive at the death of the tenant for life. The case, therefore, does not fall strictly within the operation of the general rule referred to. The rule, however, is subject to exceptions, and where there is no other gift than in the direction to pay or distribute in futuro, yet if such payment or distribution appear to bo postponed for the convenience of the fund or property (as where the future gift is only postponed to let in some other interest) the vesting will not be deferred till the period in question. 2 Williams on Executors 1068,1069; 1 Jarman on Wills 766, 763, 764; Peckham v. Gregory, 4 Hare 396.
The general policy of the law and the rules of interpretation require that legacies in all cases, unless clearly inconsistent with the intention of the testator, should be held to be vested rather than contingent.
To hold the legacy in this case to be vested will be in accordance with the intention of the testator, so far as it can be gathered from the general terms of the will and consistent with the settled rules of interpretation.
Decree accordingly.