ISRAEL J. WOODWARD, administrator of Forman Woodward, deceased, *vs.* EDWARD B. WOODWARD and ROBERT WOODWARD, executors of Robert E. Woodward, deceased, who was the surviving executor of Israel Woodward, deceased.

Israel Woodward, by his will, gave and bequeathed as follows: "I give and bequeath to my daughter, Elizabeth Black, the sum of fourteen hundred dollars, which sum I order my executors to put out at interest, and take land security for the same, and pay her the yearly interest arising thereon during her natural life; and if she dies leaving no lawful issue, I order the said sum of fourteen hundred dollars to be divided between my sons and daughters equally." He died leaving seven children, beside the said legatee. Shortly after his death, six of the seven children signed the following instrument: "Whereas, our father, Israel Woodward, in his last will and testament, has bequeathed unto his daughter, Elizabeth W. Black, the interest of $1400 during her natural life, but not to receive any part of the principal. Now be it remembered, that we, the subscribers, legatees of the said Israel Woodward, do hereby agree that the said sum of $1400 shall be paid to her by the executors of said will, at the time of the decease of Edward Black, her present husband; but in case the said Elizabeth W. Black should depart this life before the said Edward Black, then this agreement to be void and of no effect." *Held—*

1. The gift over was valid. As applied to *personal* estate, such limitation over imports not an indefinite, but a *definite* failure of issue.

2. By the terms of the gift, Elizabeth Black took the entire interest of the testator, defeasible on her leaving no issue at her death.

Woodward's adm'r *v.* Woodward's ex'rs.

3. The sons and daughters of the testator, living at his death, took a *vested* interest in the residuary gift, defeasible upon the death of the legatee for life, leaving issue.

4. The interest of the residuary legatees vested not in possession, but in *right*, upon the testator's death, so as to be transmissible to their personal representatives.

5. The limitation over is to all the sons and daughters of the testator, and the interest of either of such legatees is not defeated by his or her death before the legatee for life, but is transmitted to his personal representatives.

6. The defeasible interest of the legatees in the legacies over, upon the death of the legatee for life, was assignable.

7. The omission of one of the legatees to sign the agreement, will not invalidate it as against those who did sign it, they having derived all the benefit sought by the arrangement, and having incurred no additional burden or loss.

*Beasley*, for complainant.

The limitation over would create an estate tail in *real* estate. The word "survivors" is not used. Only expression is leaving. *Den* v. *Allaire, Spencer* 6; *Morehouse* v. *Cotheal*, 1 *Zab.* 480; *Den* v. *Howell, Spencer* 411; *Den* v. *Schenck*, 3 *Halst. R.* 29.

"Leaving," as applied to personal estate, imputes a *definite* failure of issue. 2 *Jarman on Wills*, 419, *and cases cited.*

The interest of the legatees over was vested and transmissible, although contingent. 1 *Williams on Ex'rs* 795; *Barnes* v. *Allen*, 1 *Bro. Ch. R.* 167.

It was assignable. 2 *Story's Eq. Jur.*, § 1040.

A family compromise to avoid litigation was a sufficient consideration for the assignment.

It will be sustained in equity even without consideration, because it is *executed*. *Bunn* v. *Winthrop*, 1 *Johns. Ch. R.* 335; *Hayes* v. *Kershow*, 1 *Sandf. Ch. R.* 258; 1 *Lead. Cases in Equity* 234, *and cases there cited.*

The agreement not having been executed by one of the children, his share is untouched. 1 *Dutcher* 302.

*Vroom*, for defendant.

The interest in the legacy under the will, independent of the release, upon the death of Elizabeth Black without issue, vested in the children of the testator at his death, and went to their issue.

The release was not an absolute sale or transfer of the right of the legatees. It was a voluntary arrangement; attempted, but never completed.

It was intended to be a *joint* agreement, not to be taken in parts. If all did not agree, there was no agreement.

The agreement was never carried into effect at all.

It was void as to Mrs. Hewlings, being signed by her alone. Her husband being a witness, did not bind her right.

THE CHANCELLOR. Israel Woodward, of the county of Monmouth, by his will, bearing date on the third day of January, 1821, gave and bequeathed, among other things, as follows, *viz.* " I give and bequeath to my daughter, Elizabeth Black, the sum of fourteen hundred dollars, which sum I order my executors to put out at interest and take land security for the same, and pay her the yearly interest arising thereon during her natural life; and if she dies, leaving no lawful issue, I order the said sum of fourteen hundred dollars to be divided between my sons and daughters, equally."

The testator died on the fifteenth of January, 1821, leaving his said will unrevoked, and leaving him surviving seven sons and daughters, beside the said Elizabeth Black. On the twenty-second of the same month of January, seven days after the death of the testator, an instrument of the following tenor was signed by six of the seven legatees of the reversionary interest, *viz.*

" Whereas our father, Israel Woodward, in his last will and testament, has bequeathed unto his daughter, Elizabeth W. Black, the interest of fourteen hundred dollars during her natural life, but not to receive any part of the principal. Now be it remembered, that we the subscribers, legatees of the said Israel Woodward, do hereby agree that the said

sum of fourteen hundred dollars shall be paid to her by the executors of said will, at the time of the decease of Edward Black, her present husband; but in case the said Elizabeth W. Black should depart this life before the said Edward Black, then this agreement to be void and of no effect."

This agreement was not signed by Forman Woodward, one of the sons. Anna Hewlings, one of the daughters, at the time of executing the agreement, was a married woman. Her husband did not join in the execution of the instrument, but it was executed in his presence, and attested by him as a subscribing witness.

The bill is filed with the view of having the rights of the parties settled, and their respective claims amicably adjusted.

1. The gift over to the sons and daughters of the testator, upon the death of his daughter Elizabeth, "leaving no issue," was valid. A limitation over of real estate upon the death of the first devisee, leaving no issue, would create an estate tail. But as applied to personal estate, such limitation over imports not an indefinite, but a definite failure of issue, and the limitation over is good. 2 *Jarman* 419, *and cases there cited.*

By the terms of the gift, Elizabeth Black took the entire interest of the testator, defeasible on her leaving no issue at her death.

2. The limitation over is to the sons and daughters of the testator. It is to be divided equally between them upon the death of the legatee for life. By the terms of the limitation over, the sons and daughters of the testator, living at his death, took a vested interest in the residuary gift, defeasible upon the death of the legatee for life, leaving issue. The interest of the residuary legatee vested, not in *possession*, but in *right*, upon the testator's death, so as to be transmissible to his personal representatives. 1 *Williams on Ex'rs* 757–9.

The limitation over of the gift, is not to the *surviving* sons and daughters of the testator, nor to such of them as shall

survive the legatee for life. Nor is there any expression in the will indicating the intention of the testator to limit the gift, to those only of his sons and daughters who should survive the legatee for life. It seems very clear from the terms of the gift, that the limitation over is to all the sons and daughters of the testator, and the interest of either of such legatees is not defeated by his or her death before the legatee for life, but is transmitted to his personal representatives.

3. The defeasible interest of the legatees in the legacies over upon the death of the legatee for life, was assignable. 2 *Story's Eq. Jur.*, § 1040.

The real question in the cause arises upon the validity and effect of the agreement entered into by a part of the legatees of the residuary interest with the legatee for life, upon the death of the testator. It is urged that it was in the contemplation of the parties to the agreement, that all the legatees should sign it, or that it should not be binding upon any. The bill charges, and the answer does not deny, that Elizabeth Black was dissatisfied with the limitation over of her legacy to her brothers and sisters upon her dying without issue, and threatened litigation in regard to the will; and that the legatees of the reversionary interest, with the exception of Forman Woodward, to reconcile the said Elizabeth, to avoid litigation, and by way of family compromise, signed the agreement. If the compromise was effected and the litigation avoided by the execution of the agreement by only a part of the legatees, it is not perceived why the assignment should not be binding upon such as did sign it. They derived all the benefit from the arrangement which they could have done, had it been signed by all the legatees. No additional burden, loss, or inconvenience was imposed upon them by the omission of a part to sign. Having authorized the executor to pay over the $1400 to Elizabeth Black upon the decease of her husband, no one of the parties signing the agreement could have held the executors liable for paying over the money in pursuance of such authority. And although the instrument was inoperative as to the interest of

the other legatee, it was valid against the parties to the agreement, to the extent of their respective interests. The consideration of the agreement was the avoiding of litigation and the effecting of a family compromise. Those ends were attained as fully as if the agreement had been signed by every legatee. There was a sufficient consideration for the agreement, and it will be supported in equity. *Bunn* v. *Winthrop*, 1 *Johns. Ch. R.* 329; *Hayes* v. *Kershow*, 1 *Sandf. Ch. R.* 261; 1 *Leading Cases in Eq.* 234.

But it is urged that the agreement was never carried into effect. That, although the husband of Elizabeth Black died many years before her death, the principal of the legacy was never demanded by or paid to her, but remained in the hands of the executors, she receiving interest upon it till her death. On the other hand, it does not appear that any one of the parties by whom the instrument was executed, ever questioned its binding effect or objected to the payment of the money by the executors, pursuant to the agreement. They are all deceased, without having at any time pretended to have any claim to, or interest in, the fund purporting to have been transferred by the agreement. The agreement remained unquestioned in the hands of the legatee for life. The fact that the principal of the legacy remained in the hands of the executors, the legatee for life. receiving interest upon it, was in no wise inconsistent with her right to the principal, or with the recognition of that right by the executors. The executors could not pay over the whole fund, for a part of it had not been assigned. It may have been for the interest and convenience of both parties that it should remain in their hands.

The complainant is entitled to the relief prayed. As executor of Elizabeth Black, he is entitled to six-sevenths of the legacy of fourteen hundred dollars bequeathed by the will of the testator, and as the administrator of Forman Woodward, to the remaining one-seventh of the said legacy, with the arrears of interest on the said shares respectively. Just allowance must be made to the executors for their care of the fund, and for their costs and expenses.