MARY M. FISCHER

*v.*

GEORGE A. FISCHER and ANNA FISCHER.

[Submitted November 6th, 1908. Decided November 16th, 1908.]

1. Where there is a bequest to one and "in case of his death," to another, the expression "in case of his death," unexplained by the context, refers to the event of death happening before the death of the testator.

2. An absolute bequest to a person, followed by the expression "in case of his death," cannot be construed to mean "at his death" or "from his death;" the element of contingency being absent in that case, as no proper force could then be given to the expression, "in case of."

3. Where the context of the will is silent, the words "in case of," and similar expressions, referring to the death of a prior legatee in connection with some collateral event, apply to the contingency happening as well after as before the death of testator.

4. Testatrix, by the first paragraph of her will, gave her entire estate to her son and his wife. By the second paragraph she imposed on both the burden of supporting her infirm husband for life, and by the third declared that, in case the son should die before his wife, his widow should then become the owner of the property in common with her two children, with the added condition that, in case she remarried, the two children should become the owners of the entire estate.—*Held*, that as to testatrix's real estate, the will created an estate in fee by the entirety in testatrix's son and his wife with limitation over by way of executory devise in the event of the son's death before his wife, irrespective of the death of testatrix, and, at the son's death, the estate by the entirety was defeated by the happening of the contingency named, and the fee passed to the widow and her two children in equal shares; the fee in the widow's share being defeasible in case of her remarriage, in which event the entire estate passes to the children.

On final hearing on bill to quiet title to land.

The bill is filed by complainant against her two minor children to quiet the title to certain real estate, which was owned by the grandmother of the two minors at the time of her decease and disposed of by her will. In effect the bill is to procure a construction of the provisions of that will touching certain real estate therein referred to.

The will of Kunigunde Fischer (the mother of the father of the two defendant minor children, and the mother of the husband of complainant) provided as follows:

"*First*, after my lawful debts are paid I give and bequeath and devise all my real estate being my house known as 'number (108) one hundred and eight Monroe street' in the city of Hoboken, county of Hudson, and state of New Jersey as well as, all my personal estate, goods and chattels of whatever nature and kind soever to my beloved son Otto A. Fischer and his wife Mary N. Fischer and their heirs and assigns forever.

"*Second*, my dear husband Charles August Fischer who had been and is now in feeble health and will be taken care of by my son and his wife so that they have to care for all his necessities and wants and will receive from them as pocket money Four (4) dollars cash every month during his lifetime.

"*Third*. In case my son Otto August Fischer should die before his wife it is my will that as long as his wife Mary N. Fischer does not remarry and will be his widow, that in this case she becomes the heir to the prop-

erty with her two children Anna and George, otherwise the property has to go to these two children alone as their inheritance from their grandmother."

The will bears date March 13th, 1901. Kunigunde Fischer, testatrix, died April 12th, 1901. Charles August Fischer, the husband of testatrix named in the second paragraph of the will, died November 8th, 1901. Otto Fischer, the son, died April 15th, 1906. Mary N. Fischer, the son's wife named in the will, and the two minor children Anna and George, grandchildren of testatrix, are still alive, and Mary N. Fischer, complainant, has not remarried. The bill is filed by Mary N. Fischer, widow of the son, against her two minor children Anna and George. It is contended in behalf of complainant that upon the death of testatrix an estate by the entirety vested in the son Otto A. and complainant, and that upon the death of Otto A. an absolute estate became vested in complainant, and that the two minor grandchildren of testatrix in consequence take nothing under the will.

*Mr. William S. Stuhr,* for the complainant.

*Mr. Samuel A. Besson,* for the defendants.

LEAMING, V. C.

It will be observed that testatrix by the first paragraph of her will devises an absolute estate to her son Otto and his wife. By the third paragraph two successive contingencies are introduced to the effect—*first,* that if the son Otto dies before his wife the property shall go to the wife and the two grandchildren, and *second,* if the wife thereafter remarries, the property shall go wholly to the two grandchildren. The question is, therefore, presented whether the death of Otto before his wife is a contingency which testatrix intended to be operative only in the event of the contingency occurring before the death of testatrix, or as a contingency to be equally operative in the event of the contingency happening after the death of testatrix. As the contingency did not occur until after the death of testatrix her intention in the respect named must be ascertained.

The provisions of the will which are to be here construed relate to both the real and personal property of testatrix; and the contention in behalf of complainant is that the gift falls within the well-recognized rule of construction that where there is a bequest to one person and "in case of his death" to another person, the expression "in case of his death," unexplained by the context of the will, will be understood as referring to the event of death happening before the death of testator. While the rule of construction referred to is in most cases applied to bequests of personal property, the same rule has by some authorities been applied to devises of real estate. The precise purpose and application of the rule should, therefore, be considered in this case.

Conceding the rule of construction referred to as applicable to the same extent in devises of real estate as in bequests of personal property, I am unable to reach the conclusion that the contingency of the death of Otto referred to by testatrix was intended by her to relate to the death of Otto only in the event of the death of Otto occurring before the death of testatrix. Where a bequest is made to one person with a gift over *in case of his death,* courts have uniformly held that the expression "in case of his death" must be understood to mean in case of his death before the death of testator, or in case of his death before distribution where a period of distribution may be said to be contemplated. But the reason of that rule is apparent and well understood, and, as is the case with any general rule, it is difficult to find justification for its retention when the reason for its application disappears. The expression "in case of his death" imports a contingency in the mind of testator, and yet death is not a contingency, but, on the contrary, is the most certain of all events; hence an absolute bequest to a person followed by the expression "in case of his death"· cannot be understood to mean "at his death" or "from his death," because in that case the element of contingency is absent and no proper force is given to the expression "in case of." To give full meaning to the words "in case of," something that is a real contingency must be understood to have been in the mind of testator, so in order to give entire force to the expression it is necessary to

connect with the death of the legatee some circumstance which is not certain, but which is contingent; that circumstance is necessarily the contingency of the death of devisee before the death of the testator. Such expressions are therefore understood to mean the contingency of death of the legatee before the death of the testator. The tendency of courts to favor the vesting of estate is also thought to have had an influence in establishing the rule of construction referred to. But it seems manifest that where death is referred to in connection with some collateral event which is in itself a pure contingency, the reason for the rule is absent, so far as it seeks to determine testator's intent by giving force to all expression of the will. In the will now under consideration the contingency referred to is as follows: "In case my son Otto Augustus Fischer should die before his wife." This is a pure contingency and I am aware of no logical reason that can be found for adding to this contingency the additional contingency that Otto shall also die before testatrix, if the intention of testatrix is to be sought by giving appropriate force to all of the provisions of her will. In consequence, in *2 Jarm. Wills 640,* the author has, with some hesitancy, it is stated, defined a second rule, as follows: "The general rule is that where the context is silent, the words ("in case of" and similar expressions) referring to the death of the prior legatee, in connection with some collateral event, apply to the contingency happening as well after as before the death of the testator." The following cases which are reviewed by the author sustain the rule as it is there defined. *Allen* v. *Farthing, 2 Mad. 310; Child* v. *Gilbert, 3 Myl. & K. 71; Smith* v. *Stewart, 4 De G. & S. 253.* I am aware that the rule last referred to fails to find entire recognition in many adjudicated cases. These cases in the main relate, so far as I have examined them, to bequests over in case of the death of the first legatee without issue. In such cases the event of death without issue does not appear to be uniformly treated as a collateral event and an absolute estate is held to vest in the first legatee if alive at the time of distribution.

But I find it unnecessary to base my conclusions upon the rule above quoted from the text of *Jarman on Wills.* All au-

thorities appear to agree that where the context of the will discloses any manifestation of an intent upon the part of testator to refer to death subsequent to testator's death, such manifestation of intent will be recognized and regarded as controlling, even though such manifestation of intent may be but slight. The English cases to that effect are reviewed and followed by Chancellor McGill in *Burdge* v. *Walling, 45 N. J. Eq. (18 Stew.) 10.* I find in the subject-matter of the present will evidences of the intention of testatrix to limit the estate of her son Otto in the event named irrespective of whether his death occurred before or after her death. By the first paragraph of the will the entire estate of testatrix is given to her son Otto and his wife absolutely. By the second paragraph the will imposes upon both the son and wife the burden of supporting the infirm husband of testatrix during his life and paying him $4 per month during that period. The third paragraph contemplates the contingency, now in question, of the death of the son, and provides, in substance, that in case the son should die before his wife, his widow (complainant herein) should then become owner of the property in common with her two children, grandchildren of testatrix, with the condition added that in the event of her (complainant) remarrying, then the two grandchildren of testatrix should become owners of the entire estate. This provision, designed to defeat the estate of complainant and to secure to the grandchildren of testatrix the entire estate in the event of the remarriage of complainant is one so usual that its purpose can scarcely be mistaken. It seems manifest that testatrix entertained a defined purpose to guard against the possibility of a second marriage of her daughter-in-law to the detriment of her children by the son of testatrix. If this purpose of testatrix can be discerned it seems manifest that this contingency is one which cannot be assumed to have been intended to be guarded against only in the event of the death of the son before the death of testatrix. It will be observed also that the second paragraph of the will enjoins both the son Otto and his wife to care for the enfeebled husband of testatrix during his lifetime and to pay to him a monthly stipend. This also indicates that testatrix had in mind the death of her son after her

death, at least so far as the provisions of that paragraph of the will are concerned; for the necessity of support and the provisions of the will touching support, which are directed alike to the son and daughter-in-law, could only become operative at the death of testatrix.

Touching the real estate in question I think it entirely clear that the will created an estate in fee by the entirety (*Den* v. *Hardenberg, 10 N. J. Law* (*5 Halst.*) *42*) in Otto and his wife with limitation over by way of executory devise in the event of the death of Otto before his wife, irrespective of whether Otto's death occurred before or after the death of testatrix. At the death of Otto the estate by the entirety was defeated by the happening of the contingency named, and the fee passed to complainant and her two children in equal shares, with the fee of complainant in her share made again defeasible in the event of her remarriage, in which latter event the whole estate will pass to the two children absolutely. This appears to be in accordance with the manifest intent of testatrix and I find no rule of construction or principle of law touching the disposition of real estate by devise inconsistent with the creation of the estates above defined.