GRACE DAGINELLA *vs.* SECOND NATIONAL BANK OF NEW HAVEN ET AL.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

About a week before S underwent an operation, which resulted fatally, he requested a servant in his household to sign as a witness certain papers, the contents of which he did not disclose to her, and later, on the same day, gave her the key to his trunk with instructions to open it "in the event of his death," and deliver to the plaintiff a sealed envelope which would be found therein. When the trunk was opened after his death, there was discovered an envelope addressed to the plaintiff bearing the inscription, "to be opened in case of death only," and containing a bank book and two of the papers witnessed by the servant, one of which was a signed order upon the bank directing it to pay the account to the plaintiff "in case of death," and the other a note reading, "I hereby this day in case of death leave victrola and sewing machine to be given to" the plaintiff. In an action against the bank to recover the amount of the deposit, the trial court concluded that S's intention was not to make a present gift to the plaintiff, but merely a testamentary disposition of his property, and rendered judgment for the defendant. *Held* that the trial court did not err.

Argued April 13th—decided June 6th, 1927.

Daginella *v.* Second National Bank.

ACTION to recover the amount of a deposit in the savings department of the defendant bank, in which the defendant filed a cross-complaint for a judgment of interpleader requiring the several parties to file their claims to the fund, brought to the Court of Common Pleas for New Haven County where an interlocutory judgment of interpleader was rendered and the issues later tried to the court, *Booth, J.;* judgment for the defendant Guy L. Sargent, administrator, upon the complaint and cross-complaint, from which the plaintiff appealed. *No error.*

*Frank W. Daley* and *Harry L. Edlin,* for the appellant (plaintiff).

*Philip Pond* and *Bertram Weil,* with whom, on the brief, was *Joseph B. Morse, Jr.,* for the appellee (defendant Guy L. Sargent, administrator).

MALTBIE, J.   The issues in this case arise out of the claim of the plaintiff that a certain savings-bank account standing in the name of one Sargent was given to her by him before his death. Sargent expected to undergo an operation. About a week before he went to the hospital for it, he wrote and signed three papers, and called upon a servant employed in the house where he was living with his married sister and her family to sign them as a witness, without, however, disclosing their contents. Later the same day he gave her a key to his trunk, then in the house, telling her that in it was a sealed envelope addressed to the plaintiff, and another addressed to one Armstrong; and he instructed her that, as the finding states it, "in the event of his death" she should open the trunk and deliver the envelopes to those to whom they were addressed. While this particular finding is not attacked, the plaintiff seeks to have incorporated in the finding a statement

that Sargent's instructions were that the envelopes were to be delivered "upon his death," and an examination of the evidence in that connection discloses that the servant gave as his actual words: "If I go to the hospital, in case I die, that envelope is to be given to her." We see no occasion to change the finding in this particular.

Sargent died as a result of the operation. The trunk had meanwhile remained in the dining room of his home. The servant opened it after his death, finding there the two envelopes Sargent had referred to. That addressed to the plaintiff was inscribed: "To be opened in case of death only. Grace—personal." This the servant delivered to the plaintiff, and, on opening it, she found the bank-book representing the savings account and two of the papers witnessed by the servant. One of these was an order upon the bank, signed by Sargent and directing the payment of the amount due upon the book to the plaintiff, substantially in the form outlined in the book for such orders, except that, after the date and above the name of the bank was written: "In case of death." The other paper read: "I hereby this day in case of death leave victrola and sewing machine to be given to Mrs. Grace Daginella." The plaintiff was in no way related to Sargent and he had known her only a short time.

The trial court has expressly found that Sargent had no intention when he signed the papers to make a present gift to the plaintiff, but was seeking to make a disposition of the property testamentary in its nature. For this finding the appellant seeks to substitute one to the effect that Sargent intended a present gift of the amount on deposit in the banks. The circumstances surrounding Sargent's conduct on the day the papers were executed strongly suggests the unlikelihood that, if he survived the operation, he intended to deprive

himself of all rights to the use of the fund for his own purposes. The very expression, repeatedly used by him, "in case of death," in itself connotes a contingency without the happening of which the gift was not to take effect; it is almost antithetical to the suggested interpretation, "upon my death," for death is certain. *Fischer* v. *Fischer,* 75 N. J. Eq. 74, 77, 71 Atl. 488. That Sargent did not mean a present gift is indicated also in the paper referring to the victrola and sewing machine by the conjunction of the expressions, "in case of death . . . to be given to Mrs. Grace Daginella"; the word "leave" in the same document is suggestive rather of a bequest to take effect at death than a present gift; and the use of the phrase "this day" is as readily referable to an attempt then to make a provision of a testamentary nature as to an intent to make a gift immediately effective. The trunk remained in his possession as long as he lived. The entrusting of the key of the trunk to a servant in the household where he lived in itself suggests that, if he lived, Sargent expected to regain control of it. Certainly the conclusion of the trial court that Sargent was attempting to make a gift testamentary in its nature and did not intend a present gift, instead of being one which could not reasonably be reached, was one which could hardly have been avoided. There is no basis for correcting the finding and it necessarily follows that there was no gift of the money on deposit in the bank. *Burbank* v. *Stevens,* 104 Conn. 17, 22, 131 Atl. 742; *Main's Appeal,* 73 Conn. 638, 640, 48 Atl. 965.

There is no error.

In this opinion the other judges concurred.