This bill is filed for the construction of the will and codicils of Joseph G. Ward, deceased. *Page 275 
The facts are as follows, and I quote only that portion of the will which seems to me pertinent to the question to be decided:
Joseph G. Ward died April 27th, 1902, leaving a last will and two codicils under the terms of which he gave a part of his estate to his executors in trust to pay the income to his son Joseph G. Ward, Jr., during his lifetime, and provided further that —
"And after the death of the said Joseph G Ward, Jr, until the youngest child shall arrive at the age of twenty-one years, when I direct my said trustees to divide said trust fund equally among such children and their legal representatives; and in the case of the death of my said son, Joseph G. Ward, Jr., without issue, I give said trust fund unto my other children and their legal representatives."
The testator was survived by six children — Aaron C. Ward, William C. Ward, Henry C. Ward, Arthur B. Ward, Joseph G. Ward, Jr., and Florence Ward Young.
Aaron C. Ward died prior to the life tenant, leaving a will by which he appointed his wife, Sylvina H. Ward, the executrix thereof and the sole beneficiary thereunder. He was survived by a son, Harold H. Ward, who died intestate June 7th, 1916, and a son, Walter L. Ward, who died testate on October 5th, 1918.
William C. Ward died prior to the life tenant, leaving a will wherein he appointed his brother, Henry C. Ward, executor, and made his daughter, Janet Morris Ward, now Janet Ward Edwards, the residuary beneficiary. He was survived by his said daughter, Janet Ward Edwards, and a granddaughter, Antoinette Ward, the child of a deceased son.
Henry C. Ward died prior to the life tenant, leaving a will wherein he appointed his wife, Grace Louise Ward, and Harry Durant the executors thereof. He had no children.
Arthur B. Ward and Florence Ward Young both survived the life tenant and are now living.
The life tenant, Joseph G. Ward, died without ever having had issue, on December 19th, 1924.
The first question to be decided is whether the clause above quoted makes the gift vested, contingent, or vested subject *Page 276 
to being divested? Joseph G. Ward, Jr., died without issue.
Counsel has called to my attention several cases as follows:
Van Dyke's Admr. v. Vanderpool's Admr., 14 N.J. Eq. 198. In this case the testator left a part of his estate in trust to pay one-half the interest therefrom to his daughter, Maria, during her lifetime and provided that if Maria should die, leaving a child or children, the corpus should be paid to such child or children, and if no child should be living at the decease of Maria, but grandchildren, then to pay the corpus to such grandchildren; but if said Maria should die, leaving no child or grandchildren, then the testator directed his executor to pay over the corpus to James Vanderpool, William Vanderpool and testator's niece, Maria Van Dyke. The life tenant, Maria, died without leaving child or grandchildren. James Vanderpool and William Vanderpool died during the lifetime of the life tenant, Maria. It was there held that James Vanderpool and William Vanderpool took vested interests under the will at testator's death and that such interests, upon their respective deaths, passed to their representatives. The opinion, in part, is as follows:
"The fact that in the disposition of that portion of the fund now in controversy there is an immediate gift of the fund upon a contingency between the life estate to Maria Van Dyke Gough and the final disposition of the fund does not affect the interest of the last taker or prevent the vesting of the legacy. If such be the apparent intent of the testator the gift in such cases vests subject to be divested upon the happening of the contingency. The fact that the enjoyment is uncertain never interferes with the vesting of an estate. Where the contingency is not in the person but in the event or in the time of the enjoyment, the interest is vested."
In Woodward's Admr. v. Woodward's Exrs., 16 N.J. Eq. 83,
the testator left the sum of $1,400 to his daughter Elizabeth for life, with instructions to his executors that if she should die, leaving no issue, the corpus should be divided between the testator's sons and daughters equally. The testator left him surviving two sons and daughters besides the life tenant, *Page 277 
Elizabeth. Shortly after the death of the testator, six of the other sons and daughters assigned their interest in the trust fund, and the question arose whether such interest was then vested and capable of assignment. It was held that the sons and daughters of the testator, living at his death, took a vested interest in the residuary gift defeasible upon the death of the legatee for life, leaving issue, and that the interest of any one of the residuary legatees passed upon his death prior to the death of the life tenant to his personal representatives.
In the case of Miers v. Persons, 92 N.J. Eq. 17, the testator left the residue of his estate to trustees to pay the income to his daughter Edith during her lifetime and directed that "after the death of my daughter Edith Reed Miers, in case she shall die leaving no issue, I direct the principal sum shall be paid to my next of kin surviving, and in case she dies leaving issue, I direct the income shall be paid to such issue in proportion that such issue would take property from her under the statute of distribution." In considering the event that the life tenant should die leaving no issue, Chancellor Walker says:
"In the case sub judice upon the death of the life tenant, without issue, the residuary gift over is to the testator's next of kin. They, therefore, took a vested remainder in the fund, defeasible upon the death of the legatee for life leaving issue. The fact that the enjoyment is uncertain never interfered in the vesting of an estate. When the contingency is not in the person, but in the event or in the time of enjoyment, the interest is vested."
See, also, Fidelity Union Trust Co. v. Green et al., 98 N.J. Eq. 538.
I am of the opinion that the gift to testator's other five children vested in them at his death.
Counsel have raised a question as to the effect of the last words in the clause above quoted, to wit: "And their legal representatives." I am of the opinion that this phrase is merely one of limitation.
In the case of Chasy v. Gowdy, 43 N.J. Eq. 95, testator *Page 278 
provided: "After her [the life tenant's] decease, I order my executors to divide my property equally, share and share alike, between my two children, Clementine Chasy and John A. Chasy, or their legal representatives." Both children survived the testator and it was held that they took a vested remainder.
The distribution should be made as follows:
One-fifth to Arthur B. Ward, one fifth to Florence Ward Young, one-fifth to the executor of Aaron C. Ward, one-fifth to the executor of William C. Ward, and one-fifth to the executors of Henry C. Ward.
I will advise a decree accordingly.