George A. Halsey died in 1894, leaving a will by which he directed that his residuary estate, both real and personal, be divided into four equal shares, three of which he gave to his widow and his two sons. The fourth share, which is the one we are concerned with, he gave to trustees for his daughter, Isabella F. Vail, with directions to pay her the income for life:
"And at her death to pay to her husband Philetus W. Vail, in case he shall survive her, and she shall leave no children her surviving, the sum of twenty thousand dollars, and in case of the death of my said daughter leaving issue, her surviving, to hold the said trust fund as Trustees for such issue equally to use the income thereof, or such part thereof as may be necessary for the purpose, for the support, education, and maintenance of her said issue, and to pay and transfer the same to such issue upon their respectively arriving at the age of twenty-one years.
"And in case of the death of my said daughter leaving no issue her surviving, after payment of the said sum of twenty thousand dollars to her said husband, to pay and transfer the said fund to my said sons, William A. Halsey and George E. Halsey in equal shares, and to their respective heirs and assigns forever."
Mrs. Vail survived both her brothers, as well as her husband and died in 1943, leaving no issue and therefore the last sentence which I have quoted from the will governs the devolution of her share of the estate. Mrs. Vail's executors contend that the remainders to her brothers were contingent upon their surviving her and inasmuch as they died in her lifetime, that the testator made no disposition of the fund in the situation that has arisen. The heirs and next of kin of testator's sons urge that the words "their respective heirs and assigns" signify substituted gifts to them that took effect when the two sons predeceased their sister. The executors of the sons so interpret the will that the remainders to the sons vested at the death of their father, the testator. They argue that the words "their respective heirs and assigns" are merely words of limitation. *Page 121 
If no indications of a contrary intent are found in a will, a bequest or devise in trust to A for life, remainder to his issue, but if A should die without issue surviving, then to B, operates to give to B an estate in remainder which vests at testator's death subject to divestment in the event A is survived by issue.Woodward's Admr. v. Woodward's Ex'rs., 16 N.J. Eq. 83;Farmer's Trust Co. v. Borden, 83 N.J. Eq. 222 (citing earlier cases); Miers v. Persons, 92 N.J. Eq. 17; Durand v. Ward,105 N.J. Eq. 274. The gift to the sons is found only in the direction that the trustees pay and transfer the fund to them on the death of the life tenant. But the time of payment is postponed solely to allow the life tenant to enjoy the estate. In such case, the remainder vests upon the death of the testator.VanDyke's Adm'r. v. Vanderpool's Adm'r., 14 N.J. Eq. 198;Trenton, c., Co. v. Moore, 83 N.J. Eq. 584; 84 N.J. Eq. 194;Cranstoun v. Westendorf, 91 N.J. Eq. 34. There was no intestacy; Mrs. Vail's executors have no part in the fund.
Although, when applied to personalty, the word "heirs" is not a term of art as it is in a devise of real estate, yet it has long been established that a legacy to A and his heirs is an absolute bequest to A, and the heirs or next of kin take nothing.Wintermute's Ex'rs. v. Schneider's Ex'rs., 3 N.J. Eq. 489. In a testamentary disposition of land or personalty, or of both, to A and his heirs, the word "heirs" is a word of limitation denoting the quality or duration of the estate to be taken by A and not a word of substitution showing an intention to substitute the heirs or next of kin in the place of A should he die before the time for enjoyment of the estate arrives. The rule is the reverse in the case of a gift to A or his heirs since the word "or" is indicative of an intention of substitution. Zabriskie
v. Huyler, 62 N.J. Eq. 697; 64 N.J. Eq. 794; McKiernan v.Beardsley, 72 N.J. Eq. 283; King v. King, 125 N.J. Eq. 94.
Add the word "assigns" to the term "heirs" and it is almost impossible to read the whole phrase otherwise than as a limitation. Jackson v. Allsop (Conn.), 34 Atl. Rep. 1106;In re Tamargo (N.Y.), 115 N.E. Rep. 462.
Counsel for the heirs and next of kin of testator's sons *Page 122 
point to the word "respective" in the phrase "and to their respective heirs and assigns forever," as evidence of an intention that the heirs and assigns should take under the will. I think not. A gift to A and B and their respective heirs means no more than a gift to A and his heirs, and to B and his heirs. In Den v. Manners, 20 N.J. Law 142, there was a remainder to grandchildren "and to their respective heirs and assigns." One of the grandchildren died in the lifetime of the life tenant, leaving children. Our Supreme Court held that the great grandchildren of testator took as heirs of their father and not as devisees under the will.
Counsel also advance as a reason for upholding their contention that the estate and transfer taxes on the estates of the two sons will be increased materially if the fund in question is part of their estates. The succession is determined by the intention of the testator as disclosed by the will, which is dated June 28th, 1892, and the fact that our present tax laws will take a greater part of the fund if one construction be adopted than if another were approved, is entirely immaterial. Let half of the fund be paid to the executors of the one son and half to the executors of the other. The complainant may settle its account in this cause. *Page 123