The present bill of complaint seeks a construction of the will of the late Elizabeth B. Lippincott. The will is dated March 14th, 1911. Testatrix died December 8th, 1924. The entire residuary estate is given to the husband of testatrix for the term of his life. He died December 11th, 1945. Item Third of the will provides as follows:
"From and after the death of my beloved husband, William H. Lippincott, I, give, devise and bequeath all of my said property, that I have given to my said husband for life, to my two sisters, Cornelia B. Wistar and Mary M. Griscom, to be equally divided between them share and share alike, and in case either one of them is deceased leaving lawful issue, said issue is to take the share the parent would have taken if living — In case either of my said sisters die without leaving lawful issue, the survivor is to take the whole of said estate."
Testatrix' sister, Cornelia B. Wistar, died, testate, March 26th, 1928. Her will is dated May 23d 1925. By its terms a number of money bequests are made, two trusts are provided, one of which is for the care of one Emma Crosley for life, and the residuary estate is given to trustees (1) to pay one-half thereof in equal shares to Dr. J. Milton Griscom and Anna B. Griscom (children of her sister Mary M. Griscom), and (2) to invest the other half, pay the income therefrom to Mary M. Griscom for life, and upon her death to distribute the corpus and any accrued interest in equal shares to the aforesaid Dr. J. Milton Griscom and Anna B. Griscom "and their heirs."
Testatrix' sister, Mary M. Griscom died, testate, December 3d 1931. She was survived by her husband Walter D. Griscom, by her son J. Milton Griscom and by her daughter Anna B. Griscom (now Anna Griscom Elkinton). Her will is dated December 4th, 1909. By its terms a trust of her entire estate is created, and her trustees are directed as follows:
"during the lifetime of my husband Walter D. Griscom two-thirds of said net income is to be paid to him and the remaining one-third to my two children John Milton Griscom and Anna B. Griscom or to the survivor of them if either die leaving no issue, and at the death *Page 431 
of said husband the whole of my Estate to go to my said two children to be equally divided between them. Should either of said children die before their respective shares are payable to them, leaving issue surviving, such issue to take the share, but if no issue surviving the surviving child to take the whole."
The said J. Milton Griscom died, testate, June 5th, 1943, leaving him surviving his widow Mary Lippincott Griscom, and one child, Mary Griscom Colegrove. By his will a trust is created of his entire residuary estate.
Complainant was appointed trustee under the will of testatrix, Elizabeth B. Lippincott, June 3d 1946, and is ready and anxious to distribute an estate of some $70,000 when the rights of the several claimants to the fund have been determined.
Defendant Anna Griscom Elkinton claims the estate in its entirety. Her position is that upon the death of Elizabeth B. Lippincott, her mother (Mary M. Griscom) and her aunt (Cornelia B. Wistar) took vested remainders which were subject to divestiture; that by reason of the death of her mother and her aunt (the latter without issue) and of her brother (J. Milton Griscom), prior to the death of the life tenant, she takes as the sole surviving child of said Mary M. Griscom. She argues that the word "issue" having been used in connection with the word "parent" is limited in its significance to children, and thus excludes grandchildren; and that such children (issue) take as joint tenants, with the right of survivorship.
Defendant Mary Griscom Colegrove, daughter of J. Milton Griscom, deceased, and granddaughter of Mary M. Griscom, deceased, claims one-half of the estate. Her position is that the remainders given to Cornelia B. Wistar and Mary M. Griscom were contingent, and that the ultimate takers were to be determined upon the death of the life tenant; that the word "issue" is used in the will in its technical sense, i.e., descendants, and includes grandchildren; and that she is one of only two persons who are the issue of the contingent remaindermen, thus entitling her to a one-half share of the estate. *Page 432 
The executors and trustees of the estate of J. Milton Griscom, deceased, claim one-half of the estate. Their position is that Cornelia B. Wistar and Mary M. Griscom each took a vested remainder in one-half of the estate immediately upon the death of the testatrix; that under the wills of Cornelia B. Wistar and Mary M. Griscom, their decedent J. Milton Griscom was given one-half of the remainder estates of both; or that, in the event that it should be determined that Cornelia's interest was divested by reason of her death, without issue, in the lifetime of the life tenant, the whole of the estate would have become the property of Mary M. Griscom and subject to the operation of the latter's will. Thus, it is urged, J. Milton Griscom's estate is bound to receive one-half of Elizabeth B. Lippincott's residuary estate.
The canons which must control the construction of the will before me are settled beyond all reasonable question. "It is entirely settled in New Jersey that a gift to persons who constitute a class, if made to them by name and with the further clause `in equal shares,' is a gift in severalty and creates no joint tenancy, Post v. Herbert's Ex'rs, 27 N.J. Eq. 540 (atp. 547); Redmond v. Gummere, 94 N.J. Eq. 216 (at p. 218);119 Atl. Rep. 631. It is equally well settled that in the case of the gift of a remainder estate (not being a joint tenancy) subject to a life estate, the remainder interest is vested immediately (unless testator provides otherwise), and, on the death of the remainderman prior to the death of the life tenant, passes from the remainderman, under and by virtue of the remainderman's will or by intestacy to his heirs at law or next of kin, and under and by virtue of the will of the original testator (unless the latter provides for a substitutionary gift over on the event of the death of the remainderman prior to the expiration of the life estate). Pedrajas v. Bloomfield TrustCo., 101 N.J. Eq. 105; 137 Atl. Rep. 86; affirmed, 101 N.J. Eq. 803; 139 Atl. Rep. 18." Morris v. Martin, 120 N.J. Eq. 143 (atp. 144); 184 Atl. Rep. 210.
"It is a familiar rule that a devise of a remainder limited upon a particular precedent estate, determinable on an event *Page 433 
which must necessarily happen, will be construed as vesting the remainder estate at the time of the death of the testatrix.Commonwealth-Merchants Trust Co. v. Seglie, 127 N.J. Eq. 160;12 Atl. Rep. 2d 153." Ricardo v. Kelly, 136 N.J. Eq. 365
(at p. 368); 41 Atl. Rep. 2d 901. See, also, Barrell
v. Barrell, 38 N.J. Eq. 60; affirmed, 39 N.J. Eq. 603; Fischer
v. Fischer, 75 N.J. Eq. 74; 71 Atl. Rep. 488; Content v.Dalton, 121 N.J. Eq. 391; 190 Atl. Rep. 328; affirmed, 122 N.J. Eq. 425; 194 Atl. Rep. 286; In re Langhaar, 125 N.J. Eq. 374;5 Atl. Rep. 2d 744; Simpkins v. Simpkins, 131 N.J. Eq. 227;24 Atl. Rep. 2d 821.
The testatrix, having given the remainder of her estate (after a life estate to her husband) to her two sisters, and having added, "and in case either one of them is deceased leaving lawful issue" her will must be read as though she had said "and in case either one of them is deceased at the time of my death, leaving lawful issue." This is the uniform rule of construction in this state where a testator does not indicate a contrary intent. In the instant case there is not the slightest indication of such a contrary intent. So also the expression in the same sentence of the will, that "in case either of my said sisters die without leaving lawful issue," must be read as though the testatrix had said "in case either of my said sisters die before my death, without leaving lawful issue." These two expressions are inseparable parts of testatrix' revelation of her train of thought, one dealing with the possibility of the birth of issue to her sisters, the other dealing with the possibility of lack of issue. No rational argument is suggested why the established doctrine of construction should be applied to one of these two phrases and not applied to the other.
The will was made in 1911; testatrix died in 1924. It is perfectly apparent that testatrix' regard for her two sisters was absolutely equal; and, if the husband of Elizabeth B. Lippincott had predeceased her, there can be no shadow of doubt that, under the provisions of her will, her two sisters would have taken immediate, absolute estates — each an equal share. As it transpired, the husband, and both sisters outlived *Page 434 
testatrix. I hold, therefore, that the two surviving sisters took vested remainders in the residuary estate immediately upon the death of the testatrix, the enjoyment of which gifts (not the vesting) was postponed until the death of the donor's husband.
The above determination makes it unnecessary to discuss the other matters suggested in the briefs and arguments of the respective defendants.
It has not been made apparent herein whether the estates of Cornelia B. Wistar and Mary M. Griscom have been fully administered or not; I assume that they have not. The wills of both of those ladies (copies of which are annexed to the bill of complaint) disclose the creation of trusts for the benefit of life beneficiaries, and I have nothing before me to indicate the termination of those trusts. I am persuaded, therefore, that the decree should direct complainant to distribute one-half of the instant estate to the executors-trustees of Cornelia B. Wistar, and the other half to the executors-trustees of Mary M. Griscom. *Page 435