In consequence of the actual eventualities, some doubt and diversity of opinion has arisen concerning the construction and effect of the residuary clause of the will of one Elizabeth M. Forman, who died on August 3d 1890. It will be more accurate and informative to transcribe the clause:
"All the rest and residue of my estate, real, personal and mixed wheresoever and whatsoever the same may be, I give, bequeath and devise to my Executors hereafter named, and the survivors and survivor of them, to have and to hold the same, In Trust, nevertheless, to invest the moneys thereof from time to time on good security, and to appropriate and use in their discretion the rents, interest and income of my said estate, for the proper support, maintenance and education of my son Morton Gardner Forman during the term of his natural life, with full power at any time in their discretion to invest a sum of two or three thousand dollars in business for the benefit of my said son.
"And upon the decease of my said son, upon the further Trust, to convey and transfer my said estate to the issue of my said son and in case he should die without leaving issue, then it is my will and I direct that my said estate shall be given to my sisters Isabella M. Sutphin and Mary J. Ronan, in equal shares, to them and to their heirs, and to the survivor of them, if either be then deceased."
The events to which my attention is directed are that the testatrix was survived by her son and by her two sisters mentioned in her will and that her sister Isabella M. Sutphin died on September 6th, 1922; her other sister, Mary J. Ronan, died on March 16th, 1927, and her son, the life beneficiary, died on July 18th, 1946, without issue.
It will suffice to summarize the three divergent views projected by the briefs of counsel:
(a) That in the circumstances neither sister acquired a vested interest in the corpus of the trust; that the testatrix Elizabeth M. Forman died intestate in respect thereto, and having now no husband or known kindred or relatives, the City of Trenton is entitled to the use of the fund pursuant to R.S. 3:5-9,N.J.S.A. *Page 541 
(b) That each of the two sisters of the testatrix acquired a vested remainder in the corpus of the trust, and that neither estate has become divested under the provisions of the will.
(c) That each sister acquired a vested remainder, but that the interest of Isabella M. Sutphin became divested upon her death in 1922 and fused with the vested interest and estate of Mary J. Ronan.
Initially, it is well to remember that "the presumption against intestacy is particularly strong where the subject of the gift is the residuary estate." Barrett v. Barrett, 134 N.J. Eq. 138;34 Atl. Rep. 2d 579; Bottomley v. Bottomley, 134 N.J. Eq. 279; 35 Atl. Rep. 2d 475.
I advise the complainant that under the terms of the present will, Isabella M. Sutphin and Mary J. Ronan acquired upon the death of the testatrix vested remainders in severally in thecorpus of the residuary trust, subject to divestiture in the event that Morton Gardner Forman, the life beneficiary, should be survived by issue. Fidelity Union Trust Co. v. Halsey,136 N.J. Eq. 119; 40 Atl. Rep. 2d 645.
The vested interests of Isabella M. Sutphin and Mary J. Ronan were not divested by virtue of any terms of the will by the circumstance that they died during the lifetime of the life tenant. Salem National Bank and Trust Co. v. Elkinton,139 N.J. Eq. 429; 51 Atl. Rep. 2d 889.
Here, neither the contingency that the life tenant was survived by issue nor that one of the two sisters survived the life tenant actually occurred. Cf. Ricardo v. Kelly, 136 N.J. Eq. 365;41 Atl. Rep. 2d 901; affirmed, 134 N.J. Law 540;48 Atl. Rep. 2d 897.
The fund consequently passes "in equal shares" into the respective estates of Isabella M. Sutphin and Mary J. Ronan.
Decree accordingly. *Page 542